McGREGOR W. SCOTT
United States Attorney
STANLEY A. BOONE
MARK CULLERS
Assistant U.S. Attorneys
4401 Federal Building
2500 Tulare Street
Fresno, California 93721
Telephone: (559) 497-4000

IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　Plaintiff,<br><br>　v.<br><br>CRISSY HELENA WILSON,<br><br>　　　　　Defendant. | 01: 07-CR-00126 LJO<br><br>MEMORANDUM OF PLEA AGREEMENT PURSUANT TO RULE 11(c) OF THE FEDERAL RULES OF CRIMINAL PROCEDURE<br><br>Date: To Be Determined<br>Time: To Be Determined |

Pursuant to Rule 11(c) of the Federal Rules of Criminal Procedure, the United States of America, by and through McGregor W. Scott, the United States Attorney for the Eastern District of California, and Assistant United States Attorney Stanley A. Boone, and Defendant, Crissy Helena Wilson, and her attorney, Daniel Bacon, have agreed as follows:

1. Charges.

The defendant acknowledges that she has been charged in a two count indictment as follows:

False Claims to an Agency of the United States, in violation

1

of Title

2. <u>Nature, Elements and Possible Defenses.</u>

The defendant has read the charges against her contained in the indictment, and those charges have been fully explained to her by her attorney. Further, the defendant fully understands the nature and elements of the crimes in Counts One and Two of indictment to which she is pleading guilty, together with the possible defenses thereto, and has discussed them with her attorney.

<u>COUNTS ONE and TWO:</u>

The elements of the crime of False Claim to An Agency of the United States are:

First, defendant presented or made a claim to an agency of the United States; and

Second, defendant knew that such claim was materially false, fictitious, or fraudulent.

3. <u>Agreements by the Defendant</u>.

(a) Defendant agrees that this plea agreement shall be filed with the court and become a part of the record of the case.

(b) Defendant agrees to enter a plea of guilty to Count One and Two of the indictment which charges her with False Claims with a Agency of the United States, in violation of Title 18, United States Code, Section 287.

(c) Defendant understands and agrees that she will not be

allowed to withdraw her plea should the court fail to follow the government's sentencing recommendations.

(d) Defendant knowingly and voluntarily waives her Constitutional and statutory rights to appeal her plea, conviction and sentence. This waiver of appeal includes, but is not limited to, an express waiver of defendant's right to appeal her plea, conviction and sentence on any ground, including any appeal right conferred by 18 U.S.C. § 3742, and defendant further agrees not to contest her plea, conviction and sentence in any post-conviction proceeding, including but not limited to a proceeding under 28 U.S.C. § 2255.

(e) Defendant further acknowledges that her plea of guilty is voluntary and that no force, threats, promises or representations have been made to anybody, nor agreement reached, other than those set forth expressly in this agreement, to induce the defendant to plead guilty.

(f) Defendant agrees her base offense level for False Claim to An Agency of the United States is six (6) pursuant to Section 2B1.1(a) of the United States Sentencing Commission Guidelines Manual, plus four (4) levels for a loss more than $10,000 but less than $30,000 (§ 2B1.1(b)(1)(C)).

(g) The defendant agrees to not move for any downward adjustments in her offense levels under either Chapters Two, Three, Four or Five of the United States Sentencing Guidelines.

3

(g) The defendant agrees not to request any adjustments in her offense levels under either Chapters Two or Three of the United States Sentencing Guidelines.

(h) Defendant agrees not to move for a downward departure of her sentence whether under the United States Sentencing Guidelines or the factors of 18 U.S.C. § 3553. Defendant understands and agrees that this agreement by her includes but is not limited to, not moving for a downward departure of her offense level, criminal history category or criminal history points as defined by the United States Sentencing Guidelines. Additionally, the defendant agrees that the application of the guidelines to her case results in a reasonable sentence and that the defendant will not request that the court apply the sentencing factors under Section 3553 of Title 18, United States Code, to arrive at a sentence different than that called for under the guidelines. The defendant acknowledges that if the defendant requests or suggests in any manner a different sentence than what is called for under the guidelines that the government, at its sole discretion, may for withdraw from this plea agreement and continue with its prosecution of the defendant as if this plea agreement were not entered.

(i) Defendant agrees to waive all rights under the "Hyde Amendment," Section 617, P.L. 105-119 (Nov. 26, 1997), to recover attorneys' fees or other litigation expenses in

4

connection with the charges in the above-captioned matter and of any related allegations (including without limitation any charges to be dismissed pursuant to this Agreement and any charges previously dismissed).

(j) Defendant agrees that her conduct is governed by the Mandatory Restitution Act pursuant to 18 U.S.C. § 3663A(c)(1)(A)(ii) and agrees to pay the full amount of restitution as ordered by the court to all victims affected by this offense, including but not limited to the victims covered in the factual basis, including the IRS and financial institutions and any and all victims affected in those counts to be dismissed as part of the plea agreement pursuant to 18 U.S.C. § 3663A(a)(3) and in an amount determined by the court at sentencing.

(k) The defendant understands that the Court must consult the Federal Sentencing Guidelines (as promulgated by the Sentencing Commission pursuant to the Sentencing Reform Act of 1984, 18 U.S.C. §§ 3551-3742 and 28 U.S.C. §§ 991-998, and as modified by <u>United States v. Booker</u> and <u>United States v. Fanfan</u>, 543 U.S. 220 (2005)), and must take them into account when determining a final sentence. Defendant understands that the Court will determine a non-binding and advisory guideline sentencing range for this case pursuant to the Sentencing Guidelines. Defendant further understands that the Court will consider whether there is a basis for departure from the

guidelines sentencing range (either above or below the guideline sentencing range) because there exists an aggravating or mitigating circumstance of a kind, or to a degree, not adequately taken into consideration by the Sentencing Commission in formulating the Guidelines. Defendant further understands that the Court, after consultation and consideration of the Sentencing Guidelines, must impose a sentence that is reasonable in light of the factors set forth in 18 U.S.C. § 3553(a).

    4. <u>Agreements by the Government</u>.

    (a) The government will recommend a two-level reduction (if the offense level is less than 16) or a three-level reduction (if the offense level reaches 16) in the computation of her offense level if the defendant clearly demonstrates acceptance of responsibility for her conduct as defined in Section 3E1.1 of the United States Sentencing Commission Guidelines Manual.

    (b) The government agrees that the defendant's her base offense level for False Claim to An Agency of the United States is six (6) pursuant to Section 2B1.1(a) of the United States Sentencing Commission Guidelines Manual, plus four (4) levels for a loss more than $10,000 but less than $30,000 (§ 2B1.1(b)(1)(C)).

    (c) If the defendant abides by all of her terms of pre-trial release and is not placed in custody pre-trial or pre-sentencing as a result of any violation of her release

conditions, then the government agrees to recommend that if the defendant's guideline range, after all adjustments, falls within:

    i.   Zone A of the Sentencing Table, the government will recommend that the defendant be sentenced to three (3) years of probation;

    ii.  Zone B of the Sentencing Table, then the government will recommend that the defendant be sentenced to three (3) years of probation with a condition of probation that the defendant serve the minimum term of the guideline range home detention, paid for by the defendant;

    iii. Zones C or D of the Sentencing Table, then the government will recommend that the defendant be sentenced to imprisonment at the low end of the applicable guideline range.

(d)  If the defendant violates any term of her pre-trial release and is placed in custody pre-trial or pre-sentencing as a result of a violation of any condition of pre-trial release, then the government agrees to recommend that if the defendant's guideline range, after all adjustments, falls within:

    i.   Zone A of the Sentencing Table, then the government agrees to recommend that the defendant be sentenced to imprisonment for the term of imprisonment spent in custody, determined as of the date of sentencing;

    ii.  Zone B of the Sentencing Table, then the government will recommend that the defendant be sentenced imprisonment for

the term spent in custody, as determined as of the time of
sentencing, or the low end of the applicable guideline range,
whichever is greater; or

  iii. Zones C or D of the Sentencing Table, the government will recommend that the defendant be sentenced to imprisonment at the low end of the applicable guideline range.

  (e) The government agrees that no other specific offense characteristics under Chapter Two or enhancements under Chapter Three apply to the defendant's conduct in this case, unless the defendant conducts activities after the entry of her guilty plea which may have bearing on the defendant's sentence.

  (f) The government agrees not to move for an upward departure in the defendant's offense level or criminal history category unless the defendant conducts activities after the entry of her guilty plea which may have bearing on the defendant's sentence.

  (g) The defendant acknowledges and understands that the government makes no other representations to her regarding fine, her criminal history or criminal history points under Chapter Four of the United States Sentencing Guidelines and defendant understands that the government is free to comment and to make recommendations to the court and the probation office regarding those matters.

5. Factual Basis

Defendant will plead guilty because she is in fact guilty of the crimes set forth in Counts One and Two of the indictment. Defendant also agrees that the following are the facts of this case, although she acknowledges that, as to other facts, the parties may disagree:

> Count One:
> On or about February 8, 2006, the defendant presented a materially false, fictitious and fraudulent claim to the Internal Revenue Services ("IRS") by means of a false tax returns knowing such claim to be false, fictitious, and fraudulent. In that claim, defendant presented that she was employed by Westaff, Inc. and had made $17,452 for the calendar year 2005, when in fact she had not worked for such employer nor had she earned such income from that employer for that calendar year. The claim presented was materially false and fraudulent and known by the defendant to be false and fraudulent and done for the purpose of obtaining Earned Income credit from the IRS which the defendant was not otherwise entitled to. As a result of her false and fraudulent claim, the defendant requested a refund of $4,032.
>
> On or about February 8, 2006, the defendant applied for a Refund Anticipation Loan and obtained from Santa Barbara Bank and Trust, a federally insured institution, a loan in the amount of $4,032.
>
> Count Two:
> On or about January 14, 2007, the defendant presented a materially false, fictitious and fraudulent claim to the Internal Revenue Services ("IRS") by means of a false tax returns knowing such claim to be false, fictitious, and fraudulent. In that claim, defendant presented that she was employed by Citizens Services, Inc. and had made $19,858 for the calendar year 2006, when in fact she had not worked for such employer nor had she earned such income from that employer for that calendar year. The claim presented was materially false and fraudulent and known by the defendant to be false and fraudulent and done for the purpose of obtaining Earned Income credit from the IRS which the defendant was not otherwise entitled to. As a result of her false and

from the defendant, the Internal Revenue Service issued a tax refund in the amount of $7,439.

On or about January 14, 2007, the defendant applied for a Refund Anticipation Loan and obtained from Santa Barbara Bank and Trust, a federally insured institution, a loan in the amount of $7,439.

The Internal Revenue Service is a civil agency of the United States.

6. Potential Sentence.

The following is the maximum potential sentence which defendant faces as to each count:

(a) Imprisonment.

Maximum: Five (5) years.

(b) Fine.

Maximum: Two Hundred and Fifty Thousand ($250,000.00).

(c) Both such fine and imprisonment.

(d) Restitution- Mandatory

(e) Term of Supervised Release:

Maximum: Three (3) years.

(Should the defendant violate any of the terms of her supervised release, she can be returned to prison for the period of supervised release actually imposed by the Court or Two (2) years, whichever is less.)

(f) Penalty Assessment.

Mandatory: One Hundred ($100.00).

7. Waiver of Rights.

Defendant understands that by pleading guilty she surrenders certain rights, including the following:

10

(a) If defendant persisted in her plea of not guilty to the charges against her, she would have the right to be represented by an attorney at all stages of the proceedings, and would have a right to a public and speedy trial. The trial could be either a jury trial or a trial by a judge sitting without a jury. Defendant has a right to a jury trial. However, in order that the trial be conducted by the judge sitting without a jury, defendant, the government and the judge all must agree that the trial be conducted by the judge without a jury.

(b) If the trial were a jury trial, the jury would be composed of twelve lay persons selected at random. Defendant and her attorney would have a say in who the jurors would be by removing prospective jurors for cause where actual bias or other disqualification is shown, or without cause by exercising peremptory challenges. The jury would have to agree unanimously before it could return a verdict of either guilty or not guilty. The jury would be instructed that defendant is presumed innocent and that it could not convict her unless, after hearing all the evidence, it was persuaded of her guilt beyond a reasonable doubt.

(c) If the trial were held before a judge without a jury, the judge would find the facts and determine, after hearing all the evidence, whether or not she was persuaded of the defendant's guilt beyond a reasonable doubt.

11

government would be required to present its witnesses and other evidence against defendant. Defendant would be able to confront those government witnesses and her attorney would be able to cross-examine them. In turn, defendant could present witnesses and other evidence on her own behalf. If the witnesses for defendant would not appear voluntarily, she could require their attendance through the subpoena power of the Court. At trial, the defendant would also have the right to assistance of legal counsel. If she could not afford legal counsel, one would be appointed for her by the court at no expense to her.

(e) At a trial, defendant would have a privilege against self-incrimination so that she could decline to testify, and no inference of guilt could be drawn from this refusal to testify.

Defendant understands that by pleading guilty she is waiving all of the rights set forth above and defendant's attorney has explained those rights to her and the consequences of her waiver of those rights.

8. <u>Questions by Court</u>.

Defendant understands that if the court questions her under oath, on the record and in the presence of counsel, about the offense to which she has pleaded guilty, her answers, if false, may later be used against her in a prosecution for perjury.

This plea of guilty is freely and voluntarily made and not the result of force or threats or of promises apart from those set forth in this plea agreement. There have been no representations or promises from anyone as to what sentence this Court will impose.

10. <u>Court not a Party</u>.

It is understood by the parties that the sentencing court is neither a party to nor bound by this agreement and the sentencing judge is free to impose the maximum penalties as set forth in paragraph 6. Further, in making its sentencing decision, the Court may take into consideration any and all facts and circumstances concerning the criminal activities of defendant, including activities which may not have been charged in the indictment.

11. <u>Presentence Report</u>.

Defendant understands that the United States Probation Office is not a party to this agreement and will conduct an independent investigation of defendant's activities and her background. It will then prepare a presentence report which it will submit to the Court as its independent sentencing recommendation. In addition, the government will fully apprise the Probation Office, as well as the Court, of the full and true nature, scope and extent of the defendant's criminal activities,

including information on her background and character.

|  |  | McGREGOR W. SCOTT<br>United States Attorney |
|---|---|---|
| DATED: 12/21/07 | By | /s/ Stanley A. Boone<br>STANLEY A. BOONE<br>Assistant U.S. Attorney |
| DATED: 12/21/07 |  | /s/ Crissy H. Wilson<br>CRISSY HELENA WILSON<br>Defendant |
| DATED: 12/21/07 |  | /s/ Daniel Bacon<br>DANIEL BACON<br>Attorney for Defendant |

14