1  McGREGOR W. SCOTT
   United States Attorney
2  SHEILA K. OBERTO
   Assistant U.S. Attorney
3  2500 Tulare Street, Suite 4401
   Fresno, California 93721
4  Telephone: (559) 497-4000

5

6

7          IN THE UNITED STATES DISTRICT COURT FOR THE

8                EASTERN DISTRICT OF CALIFORNIA

9

10  UNITED STATES OF AMERICA,      )    1:07 cr 00168 LJO
                                   )
11            Plaintiff,           )
                                   )    MEMORANDUM OF PLEA AGREEMENT
12       v.                        )    UNDER RULE 11(c) OF THE
                                   )    FEDERAL RULES OF CRIMINAL
13                                 )    PROCEDURE
                                   )
14  JOHN DELOS WILSON,             )    Date: To Be Determined
                                   )    Time: To Be Determined
                                   )    Place: Courtroom Four
15            Defendant.           )    Honorable: Lawrence J. O'Neill
    _____    )

16

17       Pursuant to Rule 11(c) of the Federal Rules of Criminal

18  Procedure, the United States of America, by and through McGregor

19  W. Scott, the United States Attorney for the Eastern District of

20  California, and Assistant United States Attorney Sheila K. Oberto,

21  has agreed with defendant John Delos Wilson, and his attorney,

22  Melody Walcott, Assistant Federal Defender, as follows:

23       1.  Charge.

24       The defendant acknowledges that he has been charged in an

25  indictment as follows:

26       Use of Mail or Other Means of Interstate Commerce to

                              1

Persuade a Minor to Engage in Criminal Sexual Activity, in violation of Title 18, United States Code, Section 2422(b) (Count One); and

Attempted Transfer of Obscene Material to a Minor, in violation of Title 18, United States Code, Section 1470 (Counts Two and Three).

The defendant will plead guilty to Counts Two and Three.

2.  <u>Nature, Elements and Possible Defenses</u>.

The defendant has read the charges against him contained in the indictment, and those charges have been fully explained to him by his attorney.  Further, the defendant fully understands the nature and elements of the crimes charged in the indictment to which he is pleading guilty, together with the possible defenses thereto, and he has discussed them with his attorney.

**<u>Elements of Violation of 18 U.S.C. Section 1470 - Counts Two and Three</u>**

The elements of the crime of Attempted Transfer of Obscene Material to a Minor, as alleged in Counts Two and Three of the Indictment, are as follows:

(1)  The defendant used the mail or any facility of interstate commerce;

(2)  To knowingly transfer, or attempt to transfer, obscene material;

(3)  To an individual who had not attained the age of 16 years.

3.  <u>Agreements by the Defendant</u>.

(a) Defendant agrees that this plea agreement shall be filed

2

with the court and become a part of the record of the case.

(b) Defendant agrees to enter a plea of guilty to Counts Two and Three of the Indictment which charge him with Attempted Transfer of Obscene Material to a Minor, in violation of Title 18, United States Code, Section 1470. The defendant agrees that he is in fact guilty of this charge and that the facts set forth in the factual basis of this agreement are true and accurate.

(c) Defendant understands and agrees that he will not be allowed to withdraw his plea should the Court fail to follow the sentencing recommendations of the parties.

(d) Defendant is aware that Title 18, United States Code Section 3742 affords a defendant the right to appeal any sentence imposed. Acknowledging this, defendant knowingly and voluntarily waives his Constitutional and statutory rights to appeal his plea, conviction, and sentence. This waiver of appeal includes, but is not limited to, an express waiver of defendant's rights to appeal his plea, conviction, and sentence on any ground, including any appeal right conferred by 18 U.S.C. § 3742. The defendant further agrees not to contest his plea, conviction, or sentence in any post-conviction proceeding, including but not limited to a proceeding brought under Title 28, United States Code, Sections 2241 or 2255. Notwithstanding the foregoing, the defendant reserves the right to appeal the question whether an indigent defendant has an unqualified right to specify the particular attorney who will be appointed to represent him.

(e) The defendant further acknowledges that his plea of

3

guilty is voluntary and that no force, threats, promises or
representations have been made to anybody, nor agreement reached,
other than those set forth expressly in this agreement, to induce
the defendant to plead guilty.

(f)  The defendant agrees to waive all rights under the
"Hyde Amendment,"  Section 617, P.L. 105-119 (Nov. 26, 1997), to
recover attorneys' fees or other litigation expenses in
connection with the investigation and prosecution of all charges
in the above-captioned matter and of any related allegations
(including without limitation any charges to be dismissed
pursuant to this Agreement and any charges previously dismissed).

(g) The defendant understands that the Court will consult
the Federal Sentencing Guidelines (as promulgated by the
Sentencing Commission pursuant to the Sentencing Reform Act of
1984, 18 U.S.C. §§ 3551-3742 and 28 U.S.C. §§ 991-998, and as
modified by United States v. Booker and United States v. Fanfan,
1255 S.Ct. 738 (2005)), and will take them into account when
determining a final sentence.  Defendant understands that the
Court will determine a non-binding and advisory guideline
sentencing range for this case pursuant to the Sentencing
Guidelines.  Defendant further understands that the Court will
consider whether there is a basis for departure from the
guideline sentencing range (either above or below the guideline
sentencing range) because there exists an aggravating or
mitigating circumstance of a kind, or to a degree, not adequately

taken into consideration by the Sentencing Commission in formulating the Guidelines. Defendant further understands that the Court, after consultation and consideration of the Sentencing Guidelines, must impose a sentence that is reasonable in light of the factors set forth in 18 U.S.C. § 3553(a). The defendant agrees and stipulates that the guideline sentence is a reasonable sentence in this case.

(h) If the defendant's conviction on the count to which he is pleading is ever vacated at the defendant's request, or his sentence is ever reduced at his request, the government shall have the right (1) to prosecute the defendant on any of the counts to which he pleaded guilty; (2) to reinstate any counts that may be dismissed under this agreement; and (3) to file any new charges that would otherwise be barred by this agreement. The decision to pursue any or all of these options is solely in the discretion of the United States Attorney's Office. By signing this agreement, the defendant agrees to waive any objections, motions, and defenses he might have to the government's decision, including Double Jeopardy. In particular, he agrees not to raise any objections based on the passage of time with respect to such counts including, but not limited to, any statutes of limitation or any objections based on the Speedy Trial Act or the Speedy Trial Clause of the Sixth Amendment.

If it is determined that the defendant has violated any

provision of this Agreement or if the defendant successfully moves to withdraw his plea: (1) all statements made by the defendant to the government or other designated law enforcement agents, or any testimony given by the defendant before a grand jury or other tribunal, whether before or after her Agreement, shall be admissible in evidence in any criminal, civil, or administrative proceedings hereafter brought against the defendant; and (2) the defendant shall assert no claim under the United States Constitution, any statute, the Federal Rules of Criminal Procedure, Rule 410 of the Federal Rules of Evidence, or any other federal rule, that statements made by the defendant before or after this Agreement, or any leads derived therefrom, should be suppressed. By signing this Agreement, the defendant waives any and all rights in the foregoing respects.

(i) The defendant agrees that his conduct is governed by United States Sentencing Guideline ("USSG") Section 2G3.1 which provides for a base offense level of ten (10).

(j) The defendant agrees that he distributed the material for the receipt, or expectation of receipt, of a thing of value, which will increase his base offense level upward by five (5) levels (USSG Section 2G3.1(b)(1)(B)).

(k) The defendant agrees that he distributed, or attempted to distribute, the material to a minor which will increase his base offense level upward by five (5) levels (USSG Section 2G3.1(b)(1)(C)).

(1)    The defendant agrees that the distribution to the minor was intended to persuade, induce, or entice the minor to engage in illegal activity which will increase his base offense level upward by six (6) levels (USSG Section 2G3.1(b)(1)(D)).

(m)    The defendant agrees that the offense involved material that portrays sadistic or masochistic conduct or other depictions of violence which will increase his base offense level upward by four (4) levels (USSG Section 2G3.1(b)(4)).

(n)    The defendant agrees that any sentence imposed in this case will be served consecutively with any other sentence that he might now be serving.

(o)    The defendant agrees to accept a term of supervised release of fifteen years (180 months) and further agrees that this will be one component of an overall reasonable sentence.

(p)    The defendant agrees not to move for a downward departure of his sentence.  The defendant understands and agrees that this agreement by him includes, but is not limited to, not moving for a downward departure of his offense level, criminal history category, or criminal history points as defined by the United States Sentencing Guidelines.  The defendant further stipulates and agrees that he will not seek or argue in support of any other specific offense characteristics, Chapter Two, Three, or Five adjustments (other than the decrease for "Acceptance of Responsibility"), or cross-references.  The

defendant stipulates and agrees not to move for, argue for, or submit any additional information to the court in support of, any departure from the sentencing guidelines at sentencing. The defendant stipulates and agrees not to move for, or argue in support in support of, any departure from the Sentencing Guidelines, or any deviance or variance from the Sentencing Guidelines under United States v. Booker, 543 U.S. 220, 125 S.Ct. 738 (2005), consistent with the stipulations herein. The defendant further agrees and stipulates that the guidelines sentence is a reasonable sentence in this case.

(q)  The defendant agrees that a special condition of his supervised release will be that he register as a sex offender under the laws of the state in which he decides to reside.

(r)  The defendant agrees to forfeit all letters, and other material that was seized by the United States Postal Inspection Service at the time of the execution of the search warrant and/or his arrest.

(s)  The defendant acknowledges that he has been advised, and he understands, that under the Sex Offender Registration and Notification Act, a federal law, he must register and keep the registration current in each of the following jurisdictions: where he resides; where he is an employee; and where he is a student. He understands that the requirements for registration include providing his name, his residence address, and the names and addresses of any places where he is or will be an employee or

8

a student, among other information. Defendant further understands that the requirement to keep the registration current includes informing at least one jurisdiction in which he resides, is an employee, or is a student not later then three business days after any change of name, residence, employment, or student status. The defendant has also been advised, and understands, that failure to comply with these obligations subjects him to prosecution for failure to register under federal law, 18 U.S.C. §2250, which is punishable by a find or imprisonment, or both.

(t) The defendant agrees to participate in and complete any outpatient and/or inpatient mental health treatment programs, as directed by the U.S. Probation Office.

4. Agreements by the Government.

(a) The government will recommend a two-level reduction (if the offense level is less than 16) or a three-level reduction (if the offense level reaches 16) in the computation of his offense level if the defendant clearly demonstrates acceptance of responsibility for his conduct as defined in Section 3E1.1 of the United States Sentencing Commission Guidelines Manual.

(b) The government agrees to dismiss Count One of the Indictment at the time of sentencing.

(c) The government will recommend a term of supervised release of fifteen years (180 months).

6. Factual Basis.

Defendant will plead guilty because he is in fact guilty of

9

the crime set forth in Counts Two and Three of the indictment. Defendant also agrees that the following are the facts of this case, although he acknowledges that, as to other facts, the parties may disagree:

### Count Two

On or about December 1, 2006, in the Eastern District of California, the defendant, using the mail and any facility and means of interstate commerce, did knowingly transfer obscene matter, to another individual who had not attained the age of 16 years, knowing that such other individual had not attained the age of 16 years, and did attempt to do so, by writing a letter that discusses sexual acts between a minor and adult, to his daughter who he knew to be 12 years old. In this letter, defendant graphically described the sex acts and stated, in part, that he deserved to have sex with his daughter "at least one time."

### Count Three

On or about December 1, 2006, in the Eastern District of California, the defendant, using the mail and any facility and means of interstate commerce, did knowingly transfer obscene matter, to another individual who had not attained the age of 16 years, knowing that such other individual had not attained the age of 16 years, and did attempt to do so. In a letter to his daughter, who the defendant knew was 12 years old, defendant included a drawing depicting a naked male with an erect penis next to a naked female with her legs spread, exposing her vagina and anal region, a photograph of defendant when he was 16 years old and a letter. On the drawings or within the letter, defendant stated, in part, "I have written you some hot letters, drawn pictures of us together and sent you things. You need to let me know if you want me to continue this. To still write you hot sexy letters." Defendant also stated that he would only do it if she wanted it and would promise him to engage in sexual activity which he graphically described. Defendant also directed his daughter to, among other things, "Go online to Father/Daughter incest stories & print out what you like, or copy it & send it."

7. <u>Potential Sentence</u>.

1    The following are the potential penalties that the defendant

2  faces:

3    **Violation of 18 U.S.C. § 1470: Attempted Possession of**
     **Obscene Material to a Minor (Counts Two and Three):**

4

5       (a)   Imprisonment.

         Maximum: Ten (10) years.

6

7       (b)   Fine.
               Maximum: Two Hundred Fifty Thousand Dollars ($250,000).

8       (c)   Both such fine and imprisonment.

9       (d)   Term of Supervised Release.

10            Maximum: Life (18 U.S.C. 3583(k))

11            (Should the defendant violate any of the terms of his
12            supervised release, he can be returned to prison for
               the remaining period of supervised release actually
13            imposed by the court, or five years whichever is less.)

14      (e)   Penalty Assessment:

15            Mandatory: One Hundred Dollars ($100).

16   8.   Waiver of Rights.

17       Defendant understands that by pleading guilty he surrenders

18  certain rights, including the following:

19       (a)   If defendant persisted in a plea of not guilty to the

20  charges against him, he would have the right to a public and

21  speedy trial.  The trial could be either a jury trial or a trial

22  by a judge sitting without a jury.  Defendant has a right to a

23  jury trial.  But in order that the trial be conducted by a judge

24  sitting without a jury, defendant, the government and the judge

25  all must agree that the trial be conducted by the judge without a

26

                                  11

jury.

(b)   If the trial were a jury trial, the jury would be composed of twelve lay persons selected at random.   Defendant and his attorney would have a say in who the jurors would be by removing prospective jurors for cause where actual bias or other disqualification is shown, or without cause by exercising peremptory challenges.   The jury would have to agree unanimously before it could return a verdict of either guilty or not guilty. The jury would be instructed that defendant is presumed innocent and that it could not convict him unless, after hearing all the evidence, it was persuaded of his guilt beyond a reasonable doubt.

(c)   If the trial were held before a judge without a jury, the judge would find the facts and determine, after hearing all the evidence, whether or not he was persuaded of the defendant's guilt beyond a reasonable doubt.

(d)   At a trial, whether by a jury or a judge, the government would be required to present its witnesses and other evidence against defendant.   Defendant would be able to confront those government witnesses and his attorney would be able to cross-examine them.   In turn, defendant could present witnesses and other evidence on his own behalf.   If the witnesses for defendant would not appear voluntarily, he could require their attendance through the subpoena power of the Court. At trial, the defendant would also have the right to assistance of legal counsel.   If he could not afford legal counsel, one would be

appointed for him by the court at no expense to him.

(e)   At a trial, defendant would have a privilege against self-incrimination so that he could decline to testify, and no inference of guilt could be drawn from this refusal to testify.

Defendant understands that by pleading guilty he is waiving all of the rights set forth above and defendant's attorney has explained those rights to him and the consequences of his waiver of those rights.

9.   Questions by Court.

Defendant understands that if the court questions him under oath, on the record and in the presence of counsel, about the offense to which he has pleaded guilty, his answers, if false, may later be used against him in a prosecution for perjury.

10.   Entire Agreement.

This plea of guilty is freely and voluntarily made and not the result of force or threats or of promises apart from those set forth in this plea agreement.   There have been no representations or promises from anyone as to what sentence this Court will impose.

11.   Right to Counsel.

The defendant understands that he has a right to counsel throughout his case from his initial appearance through his trial or guilty plea or dismissal of the case against him and through and including any sentencing.   Unless waived in the agreement,

13

the defendant also has a right to counsel for a direct appeal in his case. The defendant understands that the right to counsel includes the provision of defense counsel through the Court if the defendant cannot afford to hire counsel.

12. <u>Court not a Party</u>.

It is understood by the parties that the sentencing court is neither a party to nor bound by this agreement and the sentencing judge is free to impose the maximum penalties as set forth in paragraph 7. Further, in making its sentencing decision, the Court may take into consideration any and all facts and circumstances concerning the criminal activities of defendant, including activities which may not have been charged in the indictment.

13. <u>Presentence Report</u>.

Defendant understands that the United States Probation Office is not a party to this agreement and will conduct an independent investigation of defendant's activities and his background. It will then prepare a presentence report which it will submit to the Court as its independent sentencing recommendation. In addition, the government will fully apprise the Probation Office, as well as the Court, of the full and true nature, scope and extent of the defendant's criminal activities,

including information on his background and criminal history.

14

MCGREGOR W. SCOTT
United States Attorney

DATED: _3-20-08_    By    _Sheila K. Oberto_
SHEILA K. OBERTO
Assistant U.S. Attorney

DATED: _3/20/08_    _John Wilson_
JOHN DELOS WILSON
Defendant

DATED: _3/20/08_    _Melody Walcott_
MELODY WALCOTT
Assistant Federal Defender
Attorney for Defendant