AO 243 (Rev. 2/95)

**PETITION UNDER 28 USC § 2255 TO VACATE, SET ASIDE, OR CORRECT
SENTENCE BY A PERSON IN FEDERAL CUSTODY**

| UNITED STATES DISTRICT COURT | District Eastern District | |
|---|---|---|
| Name of Movant<br>John Delos Wilson | Prisoner No.<br>V-12350 | Case No. Eastern District<br># 1:07-CR-168 LJO |
| Place of Confinement The California Substance Abuse Treatment Facility and State Prison A1 161 low<br>Katherine Allison, Warden/ P.O.Box 5248/ Corcoran, CA 93212 | | |

UNITED STATES OF AMERICA     V.     JOHN DELOS WILSON .

(name under which convicted)

## MOTION

1. Name and location of court which entered the judgment of conviction under attack     U.S. District Court For The

    Eastern District of California/ 2500 Tulare Street/ Freson, CA 93721

2. Date of judgment of conviction ___June 13, 2008_____

3. Length of sentence  240 Months

4. Nature of offense involved (all counts) Count 1: 18 U.S.C. 2422 (b) Use of mail or other means of

    interstate Commerce to pursuade minor to engage in criminal activity.

    Count 2:  18 U.S.C.  1470 attempt to transfer obscene materials to minor

    Count 3:  18 U.S.C.  1470 attempt to transfer obscent materials to minor.

    FILED

    NOV 2 4 2009

5. What was your plea? (Check one)
    (a) Not guilty          ☐
    (b) Guilty              ☒
    (c) Nolo contendere     ☐

    CLERK, U.S. DISTRICT COURT
    EASTERN DISTRICT OF CALIFORNIA
    BY
    DEPUTY CLERK

    If you entered a guilty plea to one count or indictment, and not a guilty plea to another count or indictment, give details:

    Petitioner plead to counts 2 and 3 with the dismissal of count 1

    _____

    _____

6. If you pleaded not guilty, what kind of trial did you have? (Check one)     NA
    (a) Jury          ☐
    (b) Judge only    ☐

7. Did you testify at the trial?  NA
    Yes ☐          No ☐

8. Did you appeal from the judgment of conviction?
    Yes ☒          No ☐

(2)

9. If you did appeal, answer the following:

    (a) Name of court    9th Circuit Court Of Appeals/   U.S. Supreme Court

    (b) Result AFFIRMED        /   Certiorari denied

    (c) Date of result   07-01-09 ·      /   10-20-09

10. Other than a direct appeal from the judgment of conviction and sentence, have you previously filed any petitions, applications, or motions with respect to this judgment in any federal court?
    Yes ☐      No ☐

11. If your answer to 10 was "yes," give the following information:

    (a) (1) Name of court _____

        (2) Nature of proceeding _____

        (3) Grounds raised _____

        (4) Did you receive an evidentiary hearing on your petition, application or motion?

            Yes ☐      No ☐

        (5) Result _____

        (6) Date of result _____

    (b) As to any second petition, application or motion give the same information:

        (1) Name of court _____

        (2) Nature of proceeding _____

        (3) Grounds raised _____

(4) Did you receive an evidentiary hearing on your petition, application or motion?
Yes ☐      No ☐

(5) Result _____

(6) Date of result _____

(c) Did you appeal, to an appellate federal court having jurisdiction, the result of action taken on any petition, application or motion?
(1) First petition, etc.          Yes ☐          No ☐
(2) Second petition, etc.        Yes ☐          No ☐

(d) If you did *not* appeal from the adverse action on any petition, application or motion, explain briefly why you did not:

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

12. State *concisely* every ground on which you claim that you are being held in violation of the constitution, laws or treaties of the United States. Summarize *briefly* the *facts* supporting each ground. If necessary, you may attach pages stating additional grounds and *facts* supporting the same.

Caution:      If you fail to set forth all grounds in this motion, you may be barred from presenting additional grounds at a later date.

For your information, the following is a list of the most frequently raised grounds for relief in these proceedings. Each statement preceded by a letter constitutes a separate ground for possible relief. You may raise any grounds which you may have other than those listed. However, you should raise in this motion all available grounds (relating to this conviction) on which you base your allegations that you are being held in custody unlawfully.

Do not check any of these listed grounds. If you select one or more of these grounds for relief, you must allege facts. The motion will be returned to you if you merely check (a) through (j) or any one of the grounds.

(a) Conviction obtained by plea of guilty which was unlawfully induced or not made voluntarily or with understanding of the nature of the charge and the consequences of the plea.

(b) Conviction obtained by use of coerced confession.

(e) Conviction obtained by a violation of the privilege against self-incrimination.

(f) Conviction obtained by the unconstitutional failure of the prosecution to disclose to the defendant evidence favorable to the defendant.

(g) Conviction obtained by a violation of the protection against double jeopardy.

(h) Conviction obtained by action of a grand or petit jury which was unconstitutionally selected and impaneled.

(i) Denial of effective assistance of counsel.

(j) Denial of right of appeal.

A. Ground one: **Lack Of Jurisdiction**

Supporting FACTS (state *briefly* without citing cases or law): The Court's jurisdiction was lost in the course of the proceedings due to failure to complete the court,as the Sixth Amendment requires, when the court did not appoint counsel who was specifically charged to defend the case fairly. It is the solemn duty of a federal judge to take necessary steps to ensure the fullest protection of this constitutional right.

B. Ground two: **Denial Of Effective Assistance Of Counsel**

Supporting FACTS (state *briefly* without citing cases or law): Attorney Walcott did not have an on-going investigation. She was not given that clear appreciation of responsibility or impressed with that individual sense of duty which should and naturally would accompany the appointment of a selected member of the bar, specifically named and assigned by the court.

C. Ground three: **Unintelligently made plea:** Eithout the full knowledge of the full consequences of the plea.

Supporting FACTS (state *briefly* without citing cases or law): Attorney Walcott informed the movant and petitoner that the court's sentence would n ot go over or above the )⋅)⋅⋅ probation office's recommendation. The maixmum consequences of the plea, known was only to be ⋅ 136 months. The petitioner had no prior knowledge that the maximum sentence, the full consequence of the plea, would be 240 months

(5)

D. Ground four: _____

Supporting FACTS (state *briefly* without citing cases or law) _____

13. If any of the grounds listed in 12A, B, C, and D were not previously presented, state *briefly* what grounds were not so presented, and give your reasons for not presenting them: __This is the first court for the hearing of Habeas__

__on these issues.__ _____

14. Do you have any petition or appeal now pending in any court as to the judgment under attack?
Yes ☐        No ☒

15. Give the name and address, if known, of each attorney who represented you in the following stages of judgment attacked herein:

(a) At preliminary hearing __The Federal Defender__   (Attorney Walcott was present)

(b) At arraignment and plea __The Federal Defender__   (Attorney Wallcott was present)

(c) At trial ____NA .____

(d) At sentencing __The Federal Defender__   (Attorney Walcott was present)

(e) On appeal ___Katherine Hart_____

(f) In any post−conviction proceeding ___IN PRO PER_____

(g) On appeal from any adverse ruling in a post−conviction proceeding ____IN PRO PER_____

16. Were you sentenced on more than one count of an indictment, or on more than one indictment, in the same court and at approximately the same time?
Yes ☒        No ☐

17. Do you have any future sentence to serve after you complete the sentence imposed by the judgment under attack?
Yes ☐        No ☒

(a) If so, give name and location of court which imposed sentence to be served in the future: _____

(b) Give date and length of the above sentence: _____

(c) Have you filed, or do you contemplate filing, any petition attacking the judgment which imposed the sentence to be served in the future?
Yes ☐        No ☐

Wherefore, movant prays that the Court grant petitioner relief to which he or she may be entitled in this proceeding.

_____
Signature of Attorney (if any)

I declare under penalty of perjury that the foregoing is true and correct. Executed on

__11-22-09__
(Date)

_____
Signature of Movant

# PROOF OF SERVICE BY MAIL

## BY PERSON IN STATE CUSTODY

(Fed. R. Civ. P. 5; 28 U.S.C. § 1746)

I, _____ John Delos Wilson _____, declare:

I am over 18 years of age and a party to this action. I am a resident of ___ The California

_Substance Abuse Treatment Facility and State_ Prison,

in the county of ___ Kings

State of California My prison address is: _CSATF/SP A 1 161 Low; P.o. Box 5248,_

_Corcoran, CA 93212_

On ___ November 22 nd, 2009 (DATE),

I served the attached: _____ Habeas Corpus Under 28 U.S.C. §2255, and

$2241 ___ and A memorandum Brief of Habeas
(DESCRIBE DOCUMENT)

on the parties herein by placing true and correct copies thereof, enclosed in a sealed envelope, with postage

thereon fully paid, in the United States Mail in a deposit box so provided at the above-named correctional

institution in which I am presently confined. The envelope was addressed as follows:

I declare under penalty of perjury under the laws of the United States of America that the foregoing

is true and correct.

Executed on __ 11 - 22 - 09
(DATE)

_____
(DECLARANT'S SIGNATURE)

Civ-69 (Rev. 9/97)

::ODMA\PCDOCS\WORDPERFECT\22832\1

-8-

John Delos Wilson CDCR # V-12350
IN PRO PER: HABEAS PROCEEDINGS
CSATF/SP A 1 161 Low
P.O.BOX 5248
Corcoran, CA 93212

IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | ) | EASTERN DISTRICT CASE NO: 1:07-CR-168 LJO |
|---|---|---|
| Plaintiff | ) | |
| | ) | MEMORANDUM OF HABEAS BRIEF UNDER 28 U.S.C. §2255 |
| | ) | And 28 U.S.C. § 2241 |
| v. | ) | |
| | ) | |
| JOHN DELOS WILSON, | ) | IN VIOLATION OF THE SIXTH AMENDMENT rights to the |
| Defendant | ) | |
| | ) | assistance of counsel and to a fair trial, and the |

FOURTEENTH AMENDMENT RIGHTS to due process and equal protection of the law,

AND THE FIFTH AMENDMENT right to due process.

"It is the solemn duty of a federal judge before whom a defendant appears without counsel to make a thorough inquiry and to take steps necessary to insure the fullest protection of this constitutional right at every stage of the proceedings. Johnson v. Zerbst, 304 U.S. 458, 463, 58 S.Ct. 1019, 1022, 82 L.Ed. 1461, 146 A.L.R. 357; Hawk v. Olsen, 326 U.S. 271, 278, 66 S.Ct.116, 120, 90 L.Ed. 61. This duty cannot be discharged as though it were a mere procedural formality. In Powell v. State of Alabama, 287 U.S. 45, 53 S.Ct 55, 77 L.Ed. 158, 84 A.L.R. 527, the trial court, instead of appointing counsel particularly charged with the specific duty of representing the defendants, appointed the entire local bar. This court treated such cavalier designation of counsel as a mere gesture, and declined to recognize it as a compliance with the constitutional mandate in that case." Von Moltke v. Gillies, 332 U.S. 708, 68 S.Ct. 316 (1948).

"The failure of the trial court to make an effective appointment of counsel, may

so offend our concept of the basic requirements of a fair hearing as to amount

to a denial of due process of law contrary to the Fourteenth Amendment."

Glasser v. United States, 315 U.S. 60, 70, 62 S.Ct. 457, 465 (1942). Also,

"it is the duty of the trial court ...to assign counsel for him as a necessary

requisite of due process of law." Powell v. Alabama, Supra at S.Ct. 71.

The court record (E.R.1, P. 1:21-25) shows that the court only appointed

the Federal Defender to represent the case. The following court appearance (E.R.

2) does not show where the court was completed as the Sixth Amendment requires.

These records clearly show that the court, instead of appointing counsel

particularly charged with the duty of representing the defendant, appointed the

Federal Defender and imposed no substantial duty on any attorney, and made as

a formal gesture and formal compliance. "The Constitution's guarantee of

assistance of counsel cannot be satisfied by mere formal appointment." Avery

v. Alabama, 308 U.S. 444, 446 (1940). Note also that Attorney Walcott never

accepted nor was appointed, on the record. (See E.R. ! and E.R. 2.)

"A court's jurisdiction at the hearing of trial may be lost 'in the course

of the proceedings' due to failure to complete the court--as the Sixth Amendment

Requires-- by providing counsel for an accused who is unable to obtain counsel,

who has not intelligently waived this constitutional guaranty, and whose life or

liberty is at stake. If this requirement of the Sixth Amendment is not complied with,

the court no longer has the jurisdiction to proceed." Johnson v. Zerbst, Supra at1024.

In Miranda v. Arizona, 384 U.S. 436, 88 S.Ct. 1602, 16 L.Ed. 2d 694 (1966),

the **Miranda Warning** states that if soneone cannot afford an attorney "one will

be appointed." That appointment is the absolute duty of the court to make and

not the duty of a law firm. "(A) person accused of a federal or

Court Paper

Printed on 28

Recycled Paper

state crime has the right to have counsel appointed if retained counsel cannot be obtained. That a person who happens to be a lawyer is present at trial alongside the accused, however, is not enough to satisfy the constitutional command," Strickland v. Washington, 466 U.S. 668, 685, 104 S.Ct. 2052, 2063 (1984). Therefore, the mere presence of Attorney Walcott does not meet the constitutional command, nor is her mere presence in the court room an acceptance to represent the case, nor is her presence an appointment formally made by the court. These cases clearly prove that the defendant and petitioner had the absolute right to have the court appoint an attorney. That is: at least one attorney who is charged and formally appointed by the court to represent the case fairly.

Due to Attorney Walcott not having any duty of loyalty and individual accountability, she was unable to perform her duties adequately. First, she was unable to have an investigator assigned until a month and a half after the initial appearance. The court cannot say what a thorough and ongoing investigation might have turned up. (One example is how further evidence was discovered after the plea was taken.) Attorney Walcott also informed the petitioner that he would only be sentenced to 10 years in federal prison (or 120 months) the probation report recommended up to 136 months. That was the maximum known consequences that taking the plea would result in, known to the petitioner. It is of paramount importance that a defendant have full understanding and knowledge of the charges, and of the full consequences of taking a plea. This importance of insuring that a defendant does not plead guilty except with the full understanding of the charges against him and the possible consequences was at the heart of the court's decisions in McCarthy v United States, 394 U.S. 459, 89 S.Ct. 1166 (1969) and in Boykin v Alabama, 395 U.S. 238, 89 S.Ct. 1709 (1969). Yet The petitioner was sentenced to 240 months.



QUESTIONS PRESENTED BEFORE THE COURT: 1.) How does the court impose individual accountability upon an attorney if it does not appoint a specific attorney who will represent the case fairly? 2.) How is the formal and mere appointment of the Federal Defender considered an effective appointment of counsel required by the Sixth Amendment and not considered a mere procedural formality and a mere gesture that an accused get counsel? 3.) How does an attorney gain that "clear appreciation of responsibility and that individual sense of duty that should and naturally would accompany the appointment of a selected member of the bar, specifically named and assigned" by the court, if the court does not actually specifically name and assign the attorney who will represent the case fairly? (Quoting Powell v Alabama Supra, at U.S. 56, S.Ct. 59).

### CONCLUSION

The court lost the jurisdiction to proceed in the course of the proceedings by failing to complete the court by not appointing an attorney, formally charged with defending the case. Since the Sixth Amendment of the right to counsel, the right to effective representation of counsel, was not complied with, the court no longer had the jurisdiction to proceed. The defendant and petitioner suffered prejudice by counsel who was not individually accountable nor had any duty or obligation to defend the case fairly. There was no thorough and ongoing investigation made, and the petitioner was not fully made aware as to the full consequences of taking the plea. Therefore, the case and the charges should be dismissed, and the sentence and judgement should be vacated.

### PRAYER

The petitioner, movant, and defendant humbly prays that this honorable court rule accordingly; Because "Dismissal of a first federal habeas petition is a particularly serious matter, for that dismissal denies the petitioner the protections of the great writ entirely, risking injury to an important interest in human

Court Paper
Printed on

Recycled Paper

liberty." Lonchar v Thomas, 517 U.S. 314, 324, 116 S.Ct. 1293 (1996).

## JURISDICTION

This District court has original HABEAS CORPUS jurisdiction under 28 U.S.C.A. §2255 and under 28 U.S.C.A. § 2241

## Exhaustion of remedies

The petitioner and defendant has filed an appeal on seperate issue and is now pursuing an original Habeas Corpus proceeding with the court. That issue was whether the defendant could specify his own attorney. (Certiary denied.)

## DECLARATION

The petitioner declares that the above is true and correct to the best of his knowledge. He further declares that he is IN PRO PER before the court, and without counsel and without any legal assistance. The petitioner makes these declarations under the penalty of perjury.

Signed this 22ⁿᵈ day of _November_ of 20 09

_____
Signature

# EXCERPT OF RECORD

1



1    UNITED STATES DISTRICT COURT

2    EASTERN DISTRICT OF CALIFORNIA

3    --o0o--

4    UNITED STATES OF AMERICA,          )  Case No. 1:07-cr-00168-LJO
                                        )
5                       Plaintiff,      )  Fresno, California
                                        )  Wednesday, August 1, 2007
6    vs.                                )  2:36 P.M.
                                        )
7    JOHN DELOS WILSON,                 )  Hearing re:  arraignment
                                        )  and plea re: indictment.
8                       Defendant.      )
                                        )
9
                    TRANSCRIPT OF PROCEEDINGS
10           BEFORE THE HONORABLE SANDRA M. SNYDER
                UNITED STATES MAGISTRATE JUDGE
11
     APPEARANCES:
12
     For Plaintiff:                 KATHLEEN SERVATIUS
13                                  U.S. Attorney's Office
                                    2500 Tulare Street, Suite 4401
14                                  Fresno, CA   93721
                                    (559) 497-4094
15
     For Defendant:                 MELODY M. WALCOTT
16                                  Federal Defender's Office
                                    2300 Tulare Street, Suite 330
17                                  Fresno, CA   93721
                                    (559) 487-5561
18
     Court Recorder:                MICHELLE ROONEY
19                                  U.S. District Court
                                    2500 Tulare Street, Suite 1501
20                                  Fresno, CA   93721
                                    (559) 499-5928
21
     Transcription Service:         Petrilla Reporting &
22                                     Transcription
                                    5002 - 61st Street
23                                  Sacramento, CA   95820
                                    (916) 455-3887
24
     Proceedings recorded by electronic sound recording;
25   transcript produced by transcription service.

1  .FRESNO, CALIFORNIA, WEDNESDAY, AUGUST 1, 2007, 2:32 P.M.

2

3       (Call to order of the Court.)

4            THE COURT:  Okay.  Initial appearance it looks like

5  for Case No. 07-168-LJO, the United States of America v. John

6  Delos Wilson, an indictment filed on June the 28th, 2007.

7            It's a multi-count indictment that reads thus:

8            Count number one, Title 18 of the United States Code,

9  Section 2422(b) use of mail or other means of interstate

10  commerce to persuade a minor to engage in criminal sexual

11  activity, carrying with it a minimum of 10 years in federal

12  prison up to a maximum of life and/or the payment of up

13  to -- is it a 200 and -- I don't remember -- $250,000 fine,

14  lifetime supervision on probation, $100 penalty assessment.

15            Count number two is 18. USC Section 1470, attempt to

16  transfer obscene material to a minor carrying with it a 10 year

17  prison maximum, lifetime supervision, $100 penalty assessment.

18            Count number three, 18 USC Section 1470, attempt to

19  transfer of obscene material again, and those are the three

20  counts.

21            Mr. Wilson, you have the right to remain silent.

22  Anything you say may well be used against you in a court of

23  law.  You have the right to have an attorney assist you at all

24  stages of the proceedings, and I will appoint the Federal

25  Defender to represent you.

1          Counsel?

2          MS. WALCOTT: Thank you, Your Honor. We've received

3     a copy of the indictment against Mr. Wilson and his name is

4     truly and correctly set forth thereon. We waive any further

5     reading, any further advisement of his constitutional and

6     statutory rights. We enter a plea of not guilty on his behalf

7     and request discovery.

8          THE COURT: Okay. Discovery, 10 court days.

9          MS. SERVATIUS: Yes, Your Honor. And just for the

10    record we did provide --

11         MS. WALCOTT: Oh, I'm sorry, yeah, we did -- we

12    initially received discovery at the end of the day.

13         THE COURT: Oh, okay.

14         MS. WALCOTT: Yes.

15         THE COURT: Okay. So discovery has already been

16    turned over?

17         MS. WALCOTT: That's correct.

18         THE COURT: All right. Then we need to set the

19    matter for status before Judge O'Neill. Is he -- he's not here

20    on the 17th, is he? I can't tell who's --

21         THE CLERK: No, ma'am. He's not.

22         THE COURT: So how about August the 24th?

23         MS. WALCOTT: That's fine, Your Honor.

24         THE COURT: Judge O'Neill's courtroom, No. 4 on the

25    seventh floor at 9:00 o'clock in the morning on August the    .

1  24th.

2          Is the government seeking detention?

3          MS. SERVATIUS:  Yes, Your Honor.

4          THE COURT:  Okay.  It's a fairly moot issue, Ms.

5  Walcott.

6          MS. WALCOTT:  Yes, we submit that, Your Honor.

7          THE COURT:  All right.  All right.  Mr. Wilson, the

8  way things are done in federal court are totally different than

9  in state court.  We don't have just a bail book, we look at all

10  kinds of things surrounding you, the named defendant, including

11  but not limited to the most obvious.  You're here on a writ,

12  which means you're serving state time, so even if I were to

13  release you, you wouldn't go anywhere.

14          Separate and apart from that, though, I'm going to

15  order that you remain detained in the care, control and custody

16  of the United States Marshal as both a flight risk and a

17  danger.  Here is a rebuttable presumption that you are a flight

18  risk and a danger because of the nature of the offenses, and I

19  have no information to overcome that presumption.

20          You have a 2003 felony conviction for a same or

21  similar offense, continuous sexual abuse of a child under the

22  age of 12 years, or 12 years or under.

23          I don't know -- I happen to know a little bit about

24  your family because I was involved in some of the processes

25  that led up to this case.  But I don't know enough to -- I

1   don't know enough information that overcomes the presumption
2   that you are not a flight risk, or that you are a flight risk
3   or a danger. I don't know whether or not you have any
4   community ties, individuals who would vouch for you separate
5   and apart from your family. I don't know where you were
6   employed before you were convicted and sent to prison. I don't
7   know whether or not you have any substance or alcohol abuse
8   problems, any mental health issues, and I does not appear as
9   though anyone near and dear to you has any financial resources
10  with which to post a bond.

11          So for these reasons, among others, I will order that
12  you remain detained in the care, control and custody of the
13  United States Marshal until further order of the Court.

14          MS. WALCOTT: Your Honor, the only additional thing
15  which Mr. Wilson asked me to mention is that he wears a knee
16  brace, however, he's been able to wear it, he has it on today,
17  and apparently it's not a problem in this jail, so --

18          THE COURT: If they're letting him wear it --

19          MS. WALCOTT: It's not one that has any metal in it
20  anyway, it's just a cloth brace.

21          THE COURT: If they're letting him wear it, that's
22  dandy with me, and I don't hear the marshal's saying there's a
23  problem with it, right?

24          (No audible response.)

25          THE COURT: Okay. We're good to go. You're good to

1   go.

2            MS. SERVATIUS:  Thank you, Your Honor.

3            MS. WALCOTT:  Thank you, Your Honor.

4            THE COURT:  Thank you.

5            THE CLERK:  Court's in recess.

6        (Whereupon the hearing in the above-entitled matter was

7   adjourned at 2:41 p.m.)

8                            --o0o--

9                          CERTIFICATE

10       I certify that the foregoing is a correct transcript from

11  the electronic sound recording of the proceedings in the above-

12  entitled matter.

13

14  _____          July 17, 2008

15  Patricia A. Petrilla, Transcriber

16  AAERT CERT*D-113

17

18

19

20

21

22

23

24

25

# EXCERPT OF RECORD

2

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

HON. LAWRENCE J. O'NEILL

| UNITED STATES OF AMERICA, | ) | |
|---|---|---|
| Plaintiff, | ) ) ) | 1:07-cr-168  LJO |
| vs. | ) ) | STATUS CONFERENCE; MOTION FOR DISCOVERY |
| JOHN DELOS WILSON, | ) ) | |
| Defendant. | ) ) ) | |

Fresno, California                    Friday, August 24, 2007

REPORTER'S TRANSCRIPT OF PROCEEDINGS

REPORTED BY:  PEGGY J. CRAWFORD, RDR, CRR, Official Reporter



APPEARANCES OF COUNSEL:

For the Government:        **SHEILA OBERTO**
                          Assistant U.S. Attorney
                          2500 Tulare Street, Rm. 4401
                          Fresno, California  93721

For the Defendant:        FEDERAL DEFENDER'S OFFICE
                          2300 Tulare Street
                          Suite 330
                          Fresno, CA  93721
                          BY:  **MELODY M. WALCOTT**
                               Assistant Federal Defender

1  Friday, August 24, 2007                    Fresno, California

2        THE COURT:  Item 4, John Wilson.

3        MS. WALCOTT:  Melody Walcott, Federal Defender

4  Office, with John Wilson, who is present.

5        MS. OBERTO:  Sheila Oberto for the United States.

6        THE COURT:  How do you wish to proceed?

7        MS. WALCOTT:  Your Honor, this is Mr. Wilson's first

8  appearance in this court.  I was able to have some brief

9  discussions with counsel this morning about two particular

10  items.  We have already received discovery.

11        Two particular additional items that I need.  So what

12  I would like to do is to set this matter over for a further

13  status on September 14th.

14        THE COURT:  Any objection?

15        MS. OBERTO:  No objection, your Honor, as long as

16  time is excluded for defense investigation and continuity.

17        MS. WALCOTT:  No objection.

18        THE COURT:  Done on that ground, good cause for the

19  continuance and the exclusion.

20        There is a government motion for reciprocal

21  discovery.  Is there any objection?

22        MS. WALCOTT:  No, there is no objection to that, your

23  Honor.  We have nothing at this time.

24        MS. OBERTO:  Your Honor, to the extent we provide

25  additional discovery to Ms. Walcott, it will be provided

1    pursuant to the same protective motion we filed with the
2    Court.
3             MS. WALCOTT:  That's our understanding.
4             (The proceedings were concluded at 9:29 a.m.)
5
6             I, PEGGY J. CRAWFORD, Official Reporter, do hereby
7    certify the foregoing transcript as true and correct.
8
9    Dated:   08/11/2008                    /s/ Peggy J. Crawford
                                            PEGGY J. CRAWFORD, RDR-CRR
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25