IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　Plaintiff,<br><br>　　vs.<br><br>JOHN DELOS WILSON,<br><br>　　　　Defendant.<br>　　　　　　　　　　　　　　　　／ | CASE NOS. CR F 07-0168 LJO AND CV F 09-2060 LJO<br><br>**ORDER ON DEFENDANT'S 28 U.S.C. § 2255 MOTION**<br>(Doc. 74.) |

## INTRODUCTION

Defendant John Delos Wilson ("defendant") is a federal prisoner and proceeds pro se to seek to vacate, set aside or correct his 240-month prison sentence, pursuant to 28 U.S.C. § 2255 ("section 2255"). This Court considered defendant's section 2255 motion on the record and DENIES defendant's requested relief.

## BACKGROUND

### Plea Agreement

Defendant entered into a March 30, 2008 F.R.Crim.P. 11(c) Memorandum of Plea Agreement ("plea agreement") by which defendant voluntarily agreed to plead guilty to two counts of attempted transfer of obscene material to a minor in violation of 18 U.S.C. § 1470. The plea agreement expressly set forth that the maximum imprisonment for each count is 10 years. With the plea agreement, defendant agreed and/or acknowledged that:

　　1.　　His attorney had "fully explained" the charges to him;

1

| | | |
|---|---|---|
| 2. | | He "will not be allowed to withdraw his plea should the Court fail to follow the sentencing recommendation of the parties"; |
| 3. | | He will not "contest his plea, conviction, or sentence in any post-conviction proceeding, including but not limited to a proceeding brought under Title 28, United States Code, Sections 2241 and 2255"; |
| 4. | | This Court "will determine a non-binding and advisory guideline sentencing range for this case" pursuant to the Federal Sentencing Guidelines" and "will consider whether there is a basis for departure from the guideline sentencing range (either above or below the guideline sentencing range) because there exists an aggravating or mitigating circumstance of a kind, or to a degree, not adequately taken into consideration by the Sentencing Commission in formulating the Guidelines"; |
| 5. | | His conduct warranted increasing his base offense level by 20 levels; |
| 6. | | He will "not move for a downward departure of his sentence"; |
| 7. | | He waives trial and appeal rights; |
| 8. | | The "sentencing court is neither a party to nor bound by this agreement and the sentencing judge is free to impose the maximum penalties" of 10 years per count; and |
| 9. | | The Court "in making it sentencing decision . . . may take into consideration any and all facts and circumstances concerning the criminal activities of defendant, including activities which may not have been charged in the indictment." |

### Change Of Plea Hearing

At the March 21, 2008 change of plea hearing, defendant acknowledged his signature to and understanding of the plea agreement:

Q. To me, this means that you have also had a chance to review this document in its entirety, and if you had questions, you've asked those questions, and they have been answered to your satisfaction with your lawyer.

Is that a fair understanding on my part?

A. That is correct.

. . .

Q. Do you have any questions about what that means?

A. No, sir.

Defendant acknowledged the maximum 10-year sentence for each count:

Q. And then on page 11, is the maximum possible sentencing. And that is as to each count, a maximum of ten years . . . Do you understand that to be the maximum possible sentence?

A. Yes, sir.

Defendant acknowledged that this Court is not obligated to follow the Federal Sentencing Guidelines and is not a party to the plea agreement:

Q. You understand that at the time of sentencing, I'm obligated to consider the Federal Sentencing Guidelines, but I'm not obligate[d] to follow them?

A. Yes, your Honor.

Q. And you understand I'm not part of the plea agreement, so if I didn't agree with it, I don't have to follow it and you can't take your change of plea back?

A. Yes, your Honor.

Defendant further acknowledged that his sentence would run consecutively with the state sentence which he currently serves. Defendant affirmed his guilty pleas to the two counts.

## Sentencing

At the June 13, 2008 sentencing, this Court imposed a 240-month combined sentence for the two counts to which defendant pled guilty. Prior to the sentencing, this Court had reviewed the record, including recorded telephone conversations between defendant and his daughter. At the sentencing, this Court explained that "listening of the tape was of extreme importance for this court to get a full grasp of the severity of this crime." As to "the gravity of the offense," this Court noted that "there were numerous instances of predatory behavior, the manner in which Mr. Wilson was trying to convince his daughter to get on board with this perverse behavior and criminal behavior; the patience shown, the technique of throwing out the issues, throwing out the invitations, and quickly moving away from them so that there wouldn't be a response, and then coming back to them."

This Court further noted defendant's "artwork showing him and his daughter in full intercourse, and another showing his daughter in a position of getting ready for something else is beyond description, how anyone could possibly believe that they are part of the human race and do what you did."

This Court explained the grounds for the sentence:

The primary focus for this court is the protection of the public, specifically children. Mr. Wilson is, without any question, a dangerous child predator who is either a hundred percent selfish or cannot control his criminal behavior against minors, or both, which is evidenced by the beyond belief risks that he took knowing that his verbal conduct was being recorded, and taking the chance that nobody at the state court level would listen, and sending writings of the nature he did, including the quote, unquote artwork, and the letters and their content, knowing that somebody else could discover them, knowing somebody else could read them, knowing somebody else could find them, and then ultimately knowing that they could all be used against him. The 3553(a)(2)(C) factor, I don't believe that there is a possible sentence that I could give him that is severe enough under the law that would protect the public other than incarceration. And I can't give him more than the statute provides. But the statute, unfortunately in this case, is not going to adequately protect society and certainly not the children who are out there waiting or, should I say, he's waiting for them.

The defendant is a skilled manipulator. He grooms and then moves in for the proverbial kill, and I'm not sure it's so proverbial because there are other ways to kill people other than take their life physically. You take it mentally. You have ruined your daughter. There is no way that she is ever going to get over what you've done. You have ruined apparently other people, but I'm focusing in on the victim in this case. Your actions are deliberate and you are a relentless pursuer of sexual activity.

You truly suck the lifeblood out of children, and it is inexcusable. You throw them away, frankly, like they're used pieces of Kleenex, and where you think you got that right, sir, I don't know.

I believe there is only one way to protect the minors and society in this case, and I am going to do what I have not done in the past as a federal judge, and that is I am going to ignore completely the plea agreement,[1] and I'm going to do what needs to be done. And I'm going to do what the society is entitled to, and I'm going to do what is the right thing to do to protect children that probably aren't even born yet that would be in your sight as soon as you got out. If ever there were a reason for Congress – for Congress' maximum statutory sentence to apply, this is the case.

A July 24, 2008 amended judgment was entered to impose the 240-month sentence.

**Section 2255 Motion**

After the Ninth Circuit Court of Appeals affirmed defendant's conviction and sentence with its July 1, 2009 memorandum, defendant filed his section 2255 papers on November 24, 2009. Defendant seeks section 2255 relief on grounds that:

1. "This Court's jurisdiction was lost . . . when the court did not appoint counsel who was specifically charged to defend the case fairly";

2. Federal Defender Melody Walcott ("Ms. Walcott") "was not given that clear appreciation of responsibility or impressed with that individual sense of duty which should and

---

[1] This Court later corrected that it is "ignoring the agreement itself as far as the sentence" only.

            naturally would accompany the appointment"; and

3.     Ms. Walcott had informed defendant that "the court's sentence would not go over or above the probation office's recommendation."

## DISCUSSION

### Waiver

Defendant's plea agreement waiver to attack his sentence collaterally with a section 2255 motion precludes claims which do not relate to his attorney's performance. *United States v. Escamilla*, 975 F.2d 568, 571 (9th Cir. 1992); *United States v. Abarca*, 985 F.2d 1012, 1013 (9th Cir.), *cert. denied*, 508 U.S. 979 (1993).

A plea agreement is a contract and subject to contract law standards. *Escamilla*, 975 F.2d at 571. *United States v. Read*, 778 F.2d 1437, 1441 (9th Cir. 1985). A defendant may waive the right to bring a section 2255 petition. *Abarca*, 985 F.2d at 1013 (9th Cir.). "[A] prisoner may not collaterally attack a judgment if the prisoner waived the right to do so." *United States v. Racich*, 35 F.Supp.2d 1206, 1210 (S.D. Cal. 1999). A plea agreement does not waive the right to bring a section 2255 petition unless it does so expressly. *United States v. Pruitt*, 32 F.3d 431, 433 (9th Cir. 1994). The right to bring a collateral attack under section 2255 is statutory, and a "knowing and voluntary waiver of a statutory right is enforceable." *Abarca*, 985 F.2d at 1014.

Defendant's waiver of his appeal and collateral attack rights, as part of defendant's knowing and voluntary plea agreement, is valid. In the plea agreement, defendant agreed not to "contest his plea, conviction, or sentence in any post-conviction proceeding, including but not limited to a proceeding brought under Title 28, United States Code, Sections 2241 and 2255." Defendant waived an attack as to this Court's jurisdiction. Moreover, defendant's appointment of counsel claim is not viable, and this Court construes defendant's failure to meaningfully pursue the issue on appeal as his concession that the claim is not viable. Ms. Walcott represented defendant throughout this Court's proceedings, and appointment of the Federal Defender's office as opposed to a specific Federal Defender is of no relevance. Counsel was appointed for defendant, and counsel, in particular Ms. Walcott, represented defendant. There is no issue as to fact that defendant was represented.

/ / /

**Ineffective Assistance Of Counsel**

Defendant appears to challenge Ms. Walcott's effectiveness based on delay to assign an investigator and this Court's imposition of the maximum prison term. A defendant may not be able to "waive a claim of ineffective assistance of counsel based on counsel's erroneously unprofessional inducement of the defendant to plead guilty or accept a particular plea bargain." *Pruitt*, 32 F. 3d at 433. As such, this Court scrutinizes defendant's ineffective assistance of counsel claims.

When considering an ineffective assistance of counsel claim, a court must consider two factors. *Lockhart v. Fretwell*, 506 U.S. 364, 369, 113 S.Ct. 838, 842 (1983); *Strickland v. Washington,* 466 U.S. 668, 687, 104 S.Ct. 2052, 2064 (1984); *Lowry v. Lewis*, 21 F.3d 344, 346 (9th Cir. 1994), *cert. denied*, 513 U.S. 1001, 115 S.Ct. 513 (1995). The first factor is whether the counsel's performance fell below an objective standard of reasonableness considering all of the circumstances. *Strickland,* 466 U.S. at 687-688, 104 S.Ct. at 2064; *Bloom v. Calderon*, 132 F.3d 1267, 1270 (9th Cir. 1997), *cert. denied*, 494 U.S. 1039, 118 S.Ct. 1856 (1998). A defendant must demonstrate that counsel's performance was deficient and that counsel made errors so serious as not to function as "counsel" guaranteed by the Sixth Amendment. *Strickland*, 466 U.S. at 687, 104 S.Ct. 2064. A defendant must identify counsel's alleged acts or omissions that were not the result of reasonable, professional judgment considering the circumstances. *Strickland*, 466 U.S. at 690, 104 S.Ct. at 2066; *United States v. Quintero-Barraza*, 78 F.3d 1344, 1348 (9th Cir. 1995), *cert. denied*, 519 U.S. 848, 117 S.Ct. 135 (1996). There is a strong presumption that counsel's performance fell within the wide range of professional assistance. *Kimmelman v. Morrison*, 477 U.S. 365, 381, 106 S.Ct. 2574, 2586 (1986) (quoting *Strickland*, 466 U.S. at 689, 104 S.Ct. at 2065); *Bloom*, 132 F.3d at 1270; *Hughes v. Borg*, 898 F.2d 695, 702 (9th Cir. 1990). Judicial scrutiny of counsel's performance is highly deferential. *Strickland*, 466 U.S. at 677-678; 104 S.Ct. at 2063; *Quintero-Barraza*, 78 F.3d at 1348; *Sanders v. Ratelle*, 21 F.3d 1446, 1456 (9th Cir. 1994).

The second factor for court consideration is whether the petitioner has affirmatively proven prejudice. *Strickland*, 466 U.S. at 693, 104 S.Ct. at 2067; *Bloom*, 132 F.3d at 1271. Prejudice occurs when "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland*, 466 U.S. at 694, 104 S.Ct. at 2066. A reasonable probability is "a probability sufficient to undermine the confidence in the outcome." *Strickland*, 466

U.S. at 694, 104 S.Ct. at 2066.  In addition, the court can find prejudice only when the outcome would have been different without counsel's errors.  *See Lockhart*, 506 U.S. at 369-370, 113 S.Ct. at 842-843. A court must also evaluate whether the entire proceeding was fundamentally unfair or unreliable because of counsel's ineffectiveness.  *See Lockhart*, 506 U.S. at 369-370, 113 S.Ct. at 842-843; *Quintero-Barraza*, 78 F.3d at 1345; *United States v. Palomba*, 31 F.3d 1456, 1461 (9th Cir. 1994).  A defendant may be granted a windfall, to which he is not entitled, if his/her conviction or sentence is set aside solely because the outcome may have been different but for counsel's errors.  *Lockhart*, 506 U.S. at 369-370, 113 S.Ct. at 842.  Thus, if a court finds that counsel's performance fell below an objective standard of reasonableness, and that but for counsel's unprofessional errors, the result of the proceeding would have been different, the court must determine despite the errors and prejudice, whether the proceeding was fundamentally fair and reliable.

A court need not determine whether counsel's performance was deficient before examining the prejudice suffered by the petitioner as a result of the alleged deficiencies.  *Strickland*, 466 U.S. at 697. Since it is necessary to prove prejudice, any deficiency that does not result in prejudice must necessarily fail.

In essence, defendant appears to fault Ms. Walcott's failure to guarantee that this Court accept no more than a 136-month sentence.  In effect, defendant attempts to bind this Court to the plea agreement, although it is neither a party to the plea agreement nor bound to a recommended sentence. Defendant further attempts to abrogate his responsibility to abide by the plea agreement.  Defendant offers nothing meaningful to demonstrate erosion of his Sixth Amendment right to counsel or that Ms. Walcott's conduct prejudiced the defense.  Defendant articulates no ill effects from delay to assign an investigator.  There is no evidence that Ms. Walcott made errors so serious as not to function as Sixth Amendment guaranteed counsel.  Defendant points to neither Ms. Walcott's unreasonableness nor a reasonable probability of a different result, especially considering this Court's detailed explanation that the maximum sentence was insufficient to punish defendant's heinous, unforgivable crimes.  This Court is not in a position to grant defendant a windfall and unwind Ms. Walcott's capable representation of defendant.  Defendant's ineffective assistance of counsel claim fails.

/ / /

**Voluntary and Intelligent Plea**

Defendant's voluntary and intelligent plea further defeats an ineffective assistance of counsel claim based on advice that his sentence would be less than that imposed.

"It is well settled that a voluntary and intelligent plea of guilty made by an accused person, who has been advised by competent counsel, may not be collaterally attacked." *Mabry v. Johnson*, 467 U.S. 504, 508-09 (1984). To determine voluntariness, the Court examines the totality of the circumstances. *Iaea v. Sunn*, 800 F.2d 861, 866 (9th Cir. 1986). A plea is voluntary if it "represents a voluntary and intelligent choice among alternative courses of action open to the defendant." *North Carolina v. Alford*, 400 U.S. 25, 31 (1970). "[A] plea of guilty entered by one fully aware of the direct consequences . . . must stand unless induced by threats (or promises to discontinue improper harassment), misrepresentation (including unfulfilled or unfulfillable promises), or perhaps by promises that are by their nature improper as having no proper relationship to the prosecutor's business (e.g. bribes)." *Brady v. United States*, 397 U.S. 742, 755 (1970). In sum, "a guilty plea is void if it was 'induced by promises or threats which deprive it of the character of a voluntary act.'" *Sanchez v. United States*, 50 F.3d 1448, 1454 (9th Cir. 1995) (quoting *Machibroda v. United States*, 368 U.S. 487, 493 (1962)).

Defendant's claim as to Ms. Walcott's sentence estimation is unclear. Defendant appears to fault Ms. Walcott's failure to secure a lower sentence in that defendant appears to claim he would not have pled guilty if he had known his ultimate sentence.

In this case, defendant acknowledged orally and in writing that he was fully aware of the direct consequence of his plea. In the plea agreement, defendant acknowledged and agreed that he could not withdraw his plea if this Court failed to follow the sentencing recommendation and that this Court would consider aggravating circumstances and "is free to impose maximum penalties." At the change of plea hearing, defendant acknowledged his chance to review and ask questions regarding the plea agreement, the "maximum possible sentencing," and this Court's independence from the plea agreement. Ms. Walcott cannot be faulted for failure to predict the sentence. Under *Brady*, defendant's plea must stand, as his plea was voluntary and intelligent to warrant denial of section 2255 relief.

**Certificate Of Appealability**

28 U.S.C. § 2253(c)(1) precludes an appeal from a final order in section 2255 proceedings unless

a circuit justice or judge issues a certificate of appealability ("COA"). A COA may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. §2253(c)(2); *see Williams v. Calderon*, 83 F. 3d 281, 286 (9th Cir. 1996). A COA issues when defendant demonstrates the questions raised are "debatable among jurists of reason; that a court could resolve the issues [in a different manner]; or that the questions are adequate to deserve encouragement to proceed further." *Barefoot v. Estelle*, 463 U.S. 880, 893, n. 4, 103 S.Ct. 3382, 3394-3395, n. 4 (1983). In the absence of a COA, no appeal in a section 2255 proceeding may be heard. 28 U.S.C. § 2253(c).

This Court has reviewed the record of this case and finds no jurist of reason could debate the correctness to deny defendant collateral relief. *See Barefoot*, 463 U.S. at 893, n. 4, 103 S.Ct. at 3394-3395, n. 4; *Clark v. Lewis*, 1 F. 3d 814, 819 (9th Cir. 1993). On the merits of this case, reasonable jurists would not debate the constitutionality of defendant's conviction. A certificate of appealability is improper.

## CONCLUSION AND ORDER

For the reasons discussed above, this Court DENIES defendant section 2255 relief and a COA and DIRECTS the clerk to close these actions, Case Nos. CR F 07-0168 LJO and CV F 09-2060 LJO.

IT IS SO ORDERED.

**Dated:   December 3, 2009**          /s/ Lawrence J. O'Neill
                                    UNITED STATES DISTRICT JUDGE