# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　Plaintiff,<br>　vs.<br>JOHN DELOS WILSON,<br><br>　　　　Defendant.<br>_____/ | CASE NOS. CR F 07-0168 LJO and CV F 09-2060 LJO<br><br>**ORDER ON DEFENDANT'S MOTION**<br>(Doc. 76.) |

## INTRODUCTION

On December 29, 2009, defendant John Delos Wilson ("defendant") filed papers entitled "Motion to Redress Habeas Corpus and Refile under 28 U.S.C. 2254." This Court construes the papers to seek to file a habeas corpus petition under 28 U.S.C. § 2254 and to seek reconsideration of this Court's December 4, 2009 order ("December 4 order") to deny defendant relief under 28 U.S.C. § 2255.

## DISCUSSION

### Improper 28 U.S.C. § 2254 Application

28 U.S.C. § 2254(a) permits a federal court to "entertain an application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court." Defendant is a federal prisoner and is not entitled to seek relief under 28 U.S.C. § 2254.

### Reconsideration

Defendant's papers take issue with the December 4 order and denial of 28 U.S.C. § 2255 relief. Defendant appears to seek reconsideration of the December 4 order.

A basic principle of federal practice is that courts generally refuse to reopen decided matters. *Magnesystems, Inc. v. Nikken*, 933 F.Supp. 944, 948 (C.D. Cal. 1996). Reconsideration is an "extraordinary remedy, to be used sparingly in the interests of finality and conservation of judicial resources." *Carroll v. Nakatani*, 342 F.3d 934, 945 (9th Cir. 2003). A reconsideration motion "should not be granted absent highly unusual circumstances." *McDowell v. Calderon*, 197 F.3d 1253, 1255 (9th Cir. 1999), *cert. denied*, 490 U.S. 1059, 109 S.Ct. 1972 (1989). A reconsideration motion "is not a vehicle for relitigating old issues, presenting the case under new theories, securing a rehearing on the merits, or otherwise taking a 'second bite at the apple.'" *See Sequa Corp. v. GBJ Corp.*, 156 F.3d 136, 144 (2nd Cir. 1998).

However, reconsideration is appropriate if the district court: (1) is presented with newly discovered evidence; (2) has committed clear error or the initial decision was manifestly unjust; or (3) is presented with an intervening change in controlling law. *School District 1J, Multnomah County v. ACandS, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993), *cert. denied*, 512 U.S. 1236, 114 S.Ct. 2742 (1994). There may be other highly unusual circumstances warranting reconsideration. *School District 1J*, 5 F.3d at 1263. Denial of reconsideration is reviewed for abuse of discretion. *School District 1J*, 5 F.3d at 1262.

A motion for reconsideration is restricted and serves "a limited function: to correct manifest errors of law or fact or to present newly discovered evidence." *Publisher's Resource, Inc. v. Walker Davis Publications, Inc.*, 762 F.2d 557, 561 (7th Cir. 1985) (quoting *Keene Corp. v. International Fidelity Ins. Co.*, 561 F.Supp. 656, 665-666 (N.D. Ill. 1982), *aff'd*, 736 F.2d 388 (7th Cir. 1984)); *see Novato Fire Protection Dist. v. United States*, 181 F.3d 1135, 1142, n. 6 (9th Cir. 1999), *cert. denied*, 529 U.S. 1129, 120 S.Ct. 2005 (2000). Reconsideration "may not be used to raise arguments or present evidence for the first time when they could reasonably have been raised earlier in the litigation." *Kona Enterprises, Inc. v. Estate of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000). Reconsideration should not be used "to argue new facts or issues that inexcusably were not presented to the court in the matter previously decided." *See Brambles USA, Inc. v. Blocker*, 735 F.Supp. 1239, 1240 (D. Del. 1990). Under this Court's Local Rule 230(j), a party seeking reconsideration must demonstrate "what new or different facts or circumstances are claimed to exist which did not exist or were not shown upon such prior

motion, or what other grounds exist for the motion" and "why the facts or circumstances were not shown at the time of the prior motion."

Defendant fails to substantiate reconsideration of the December 4 order. Defendant points to no error and merely expresses his dissatisfaction with the December 4 order. No grounds exist for reconsideration.

**CONCLUSION AND ORDER**

For the reasons discussed above, this Court DENIES defendant relief sought in his papers filed on December 29, 2009.

IT IS SO ORDERED.

**Dated:   January 6, 2010**                              /s/ Lawrence J. O'Neill
                                                         UNITED STATES DISTRICT JUDGE